# ATTACHMENT A

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | **FOR THE FIFTH JUDICIAL CIRCUIT** |
| **COUNTY OF RICHLAND** | ) | CIVIL ACTION No: 2020-CP-40-_____ |

Ike W. Miller, )
)
       Plaintiff, )     **SUMMONS**
)     (Jury Trial Demanded)
v. )
)
The Health Dare, LLC, )
)
       Defendant. )
_____ )

TO THE DEFENDANT ABOVE NAMED:

    YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at his office at 2001 Assembly Street, Suite 101, Columbia, South Carolina, 29201, within THIRTY (30) DAYS (Thirty-Five (35) days if served by United States Mail) after service thereof, exclusive of the day of such service. If you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

                                      **THE PHILLIPS FIRM, LLC**
                                      **Attorney & Counselor at Law**

                                      __s/Robert B. Phillips _____
                                      by: Robert B. (Sam) Phillips (SC Bar #16954)
                                      Physical: 2001 Assembly Street, Suite 101
                                      Mailing: 1025 Calhoun Street, Box 3
                                      Columbia, SC 29201
                                      (803) 726-4269
                                      sam@phillipsfirm.net

                                      **Attorney for Plaintiff**

16 March 2020
Columbia, South Carolina

ELECTRONICALLY FILED - 2020 Mar 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4001526

ELECTRONICALLY FILED - 2020 Mar 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4001526

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** ) | **IN THE COURT OF COMMON PLEAS** |
| ) | **FOR THE FIFTH JUDICIAL CIRCUIT** |
| **COUNTY OF RICHLAND** ) | CIVIL ACTION No: 2020-CP-40-_____ |
| ) | |
| Ike W. Miller, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | (Jury Trial Demanded) |
| v. ) | |
| ) | |
| The Health Dare, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff, Ike W. Miller ("Plaintiff"), brings this employment lawsuit seeking unpaid overtime compensation and liquidated damages from his former employer, The Health Dare, LLC ("Defendant"), by way of this Complaint in the above-captioned matter wherein he would allege and show unto this Honorable Court the following:

## PARTIES & JURISDICTION

1. Plaintiff, Ike W. Miller, (hereinafter "Plaintiff"), is currently a citizen and resident of Richland County, South Carolina and at all times relevant to this action, was an employee of Defendant The Health Dare, LLC.

2. Defendant, The Health Dare, LLC, ("HD") is a South Carolina limited liability company with its headquarters in Greenville, South Carolina that routinely does business throughout South Carolina including the City of Columbia in Richland County. Defendant is registered to do business in South Carolina.

3. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA"); South Carolina Payment of Wages Act, S.C. Code Ann. §41-10-10, *et seq.* (Wages Act"); and applicable common law.

1

ELECTRONICALLY FILED - 2020 Mar 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4001526

4.     Jurisdiction and venue are proper with this Court as the majority of events giving rise to this action occurred in the State of South Carolina and the parties have substantial connections to Richland County.

## Factual Allegations

5.     Defendant markets and sells non-medical nutrition consulting services ("Services") directly to individuals in South Carolina and North Carolina.

6.     Defendant employs individuals such as the Plaintiff to engage in commerce to include the telephonic marketing and sale of Defendant's Services directly to the general public.

7.     This action arises out of Defendant's wrongful classification of Plaintiff as an outside sales employee who is exempt from the overtime compensation requirements of the FLSA.

8.     Plaintiff began his employment with Defendant in or about November of 2017.

9.     Plaintiff was hired by HD's Vice President of Sales Evan Molovinsky to work as a "Client Manager."

10.    Mr. Molovinsky explained that as a Client Manager, Plaintiff was required to primarily work from an office managing sale leads, making sales calls to prospective customers, and meeting with those prospects in the office to convince them to purchase HD's Services.  Plaintiff was required to track much of this activity electronically.

11.    Plaintiff was also required to support his sales efforts by generating his own sale's leads, attending all regularly scheduled "sales calls" with the VP of sales, attending all of Defendant's new client orientations, attending a "BNI meeting" (sales networking

2

ELECTRONICALLY FILED - 2020 Mar 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4001526

organization) each week, helping to maintain Defendant's relationships with its radio advertisers, responding to all prospective client calls in 60 minutes or less, and cover other offices when its regular sales person was not available.

12. Mr. Molovinsky informed Plaintiff he was required to be in an office provided by HD from 8:00am to 8:00pm, Monday through Saturday, but that he could leave at 6:00pm on Friday and Saturday nights if he had no client meetings scheduled.

13. Mr. Molovinsky further informed Plaintiff he was not allowed to "block off" anytime from his daily schedule for lunch or personal appointment. All time away from the office had to be pre-approved by Mr. Molovinsky.

14. Mr. Molovinsky also informed Plaintiff he was expected to promptly respond to all HD related texts and emails outside of regular business hours including, but not limited to a regularly scheduled 7:00am sales call initiated by the VP of Sales.

15. Plaintiff frequently replied to electronic communications from either Mr. Molovinsky or HD's owner, Bridget Trammell, f.k.a. Bridget Morris, that each would routinely send to Plaintiff after 8:00pm on both weekdays and Saturdays.

16. Plaintiff was paid a salary of $1,224.00 a week and was offered other sale's incentives, but received no overtime pay whenever Plaintiff worked more than forty (40) hours in a workweek.

17. Defendant did not require Plaintiff to log his work hours, but did monitor Plaintiff's adherence to the proscribed office hours.

18. Defendant required Plaintiff to work a minimum of sixty-eight (68) hours weekly (8am to 8pm on Monday through Thursday, 8am to 6pm on Friday and Saturdays).

3

19. At all times relevant to this Complaint, Plaintiff was a non-exempt employee for purposes of the FLSA.

20. While employed by the Defendant, Plaintiff customarily and primarily engaged in telephone and in-person solicitation of the general public to market and sell Defendant's Services.

21. Plaintiff routinely worked in excess of forty (40) hours per work week for the Defendant.

22. Working from the Defendant's place of business, Plaintiff used his own cellphone to solicit orders or contracts for the Defendant's Services from the general public and perform other business functions.

23. Plaintiff's commission income never exceeded half of his earnings during any period of his employment by Defendant.

24. Defendant required its sales employees, including the Plaintiff, to promptly answer all communications with, and inquiries from, customers regardless of whether these communications or inquiries were received outside of the employee's assigned shift or the Defendant's stated business hours.

25. Plaintiff customarily and regularly worked from the Defendant's place of business.

26. Plaintiff had to request "time off" from the Defendant for all periods of time he was away from Defendant's place of business and/or was unable to make telephone solicitations on the Defendant's behalf.

ELECTRONICALLY FILED - 2020 Mar 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4001526

ELECTRONICALLY FILED - 2020 Mar 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4001526

27. Upon information and belief, Defendant's work requirements and conditions were designed to deliberately and uniformly deprive Plaintiff and similarly-situated salespersons of earned overtime wages in violation of the FLSA.

28. Plaintiff did not routinely perform duties related to the management or general business operations of the Defendant's business, but would occasionally render such services to Defendant when asked by a member of Defendant's management.

29. Plaintiff's primary duties did not involve the exercise of discretion or independent judgment with respect to matters of significance. All major strategic decisions involving the pricing, marketing and advertising of Defendant's Services were made by Defendant's Vice President of Marketing and/or its owner.

30. Plaintiff had no independent authority to material deviate from Defendant's pricing, terms or conditions and no authority to bind the Defendant on any significant matter.

31. Defendant routinely required, expected, or permitted Plaintiff to work in excess of forty (40) hours during most workweeks without compensating Plaintiff with overtime wages earned at a rate of one and one-half times his regular rate.

32. Defendant did not keep accurate records of all of the hours worked by Plaintiff.

33. Defendant was aware, or should have been aware, that Plaintiff performed non-exempt work that required payment of overtime compensation and routinely worked more than forty (40) hours in a week without receiving overtime-compensation.

34. The conduct alleged above reduced Defendant's labor and payroll costs.

5

## FIRST CAUSE OF ACTION
### (Violation of the FLSA)

35.     All previous paragraphs are incorporated as though fully set forth verbatim herein.

36.     Plaintiff is an "employee" as defined by Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA"), specifically FLSA section 203(e)(1) and is therefore entitled to the protections of the FLSA.

37.     At all times relevant to this Complaint, Plaintiff was a good and faithful employee of the Defendant.  Plaintiff routinely worked for Defendant in excess of forty (40) hours per work week, and in most instances in excess of sixty-eight (68) hours per week.

38.     At all times relevant to the Complaint, Plaintiff was not overtime wages that were due and owed to him.

39.     Defendant is an "employer" as defined by FLSA, 29 U.S.C. § 203(d) and is therefore subject to the obligations of the FLSA including, *inter alia*, its record-keeping, minimum wage and overtime pay requirements.

40.     Defendant employed Plaintiff, but failed to pay him at the rate of one-and-a-half times his normal rate of pay for all hours worked in excess of forty (40) hours per work week as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

41.     Plaintiff is not an employee that is otherwise exempt from the overtime requirements set forth in the FLSA and does not satisfy the requirements of an "exempt" employee.

ELECTRONICALLY FILED - 2020 Mar 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4001526

ELECTRONICALLY FILED - 2020 Mar 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4001526

42. FLSA requires an employer to compensate an employee who works as an inside salesperson at a rate of one and a half times the employee's regular rate of pay for all hours worked in excess of 40 hours per work week.

43. Defendant failed to pay Plaintiff and similarly situated employees the overtime pay required by the FLSA and applicable state law.

44. Defendant's FLSA violations are willful.

45. Plaintiff is entitled to back wages at the rate of one-and-a-half times his regular rate of pay for all overtime hours worked in excess of forty (40) hours per week pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

46. Plaintiff is further entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due him under the FLSA, section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47. Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action pursuant to 29 U.S.C. § 216(b).

48. Plaintiff is not subject to any FLSA exemptions regarding overtime pay.

49. Defendant's violations of the FLSA, as described herein, have been willful and intentional. Upon information and belief, Defendant failed to make any good faith effort to comply with the FLSA in classifying and/or paying the Plaintiff.

50. Defendant's conduct, as alleged herein, constitutes a "willful violation" of the FLSA as defined by 29 U.S.C. § 255.

51. Defendant is under a duty to maintain and preserve Plaintiff's payroll and other personnel records from which the amount of Defendant's liability can be ascertained pursuant to section 11(c) of FLSA, 29 U.S.C. § 211(c).

52. As a result of Defendant's violations of the overtime provisions of the FLSA, Plaintiff is entitled to recover his damages caused by the violations, liquidated damages in an equal amount, and attorney's fees and costs incurred in bringing this action.

## **SECOND CAUSE OF ACTION**
**(Alleging Violations of South Carolina Payment of Wages Act)**

53. All previous paragraphs are incorporated as though fully set forth verbatim herein.

54. Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. §41-10-10, *et seq.* (Wages Act"), specifically S.C. Code §41-10-10(1).

55. Defendant employed Plaintiff as an inside salesperson by Defendant at all times relevant to this Complaint.

56. Defendant owes Plaintiff "wages" as defined by S.C. Code Ann. 41-10-10(2) for labor performed for the Defendant.

57. Defendant required Plaintiff to respond to internal company communications as well as customer inquiries outside of established business hours or his assigned shift.

58. Defendant failed to pay Plaintiff all wages due as required by Sections 41-10-40 and -50 of the Act.

59. Plaintiff was underpaid at all times during his employment with the Defendant and is consequently due and owed unpaid overtime wages.

60. Defendant's failure to pay Plaintiff all wages owed is willful, without justification, and in violation of the duty of good faith and fair dealing.

ELECTRONICALLY FILED - 2020 Mar 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4001526

ELECTRONICALLY FILED - 2020 Mar 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4001526

61. Plaintiff is entitled to recover an amount equal to three times the full amount of his unpaid wages plus attorney's fees and costs pursuant to SC 41-10-80(c).

### THIRD CAUSE OF ACTION
#### (Unjust Enrichment)

62. All previous paragraphs are incorporated as though fully set forth verbatim herein.

63. Defendant received a financial benefit from Plaintiff by misclassifying Plaintiff's job position and requiring him to work over forty (40) hours per week without paying Plaintiff the required time and a half overtime pay owed him.

64. Plaintiff was to be paid a wage equivalent to the hours worked at the rate required by applicable law.

65. Defendant has intentionally failed to properly classify Plaintiff's former job and compensate Plaintiff as required by applicable law.

66. Defendant intentionally failed to properly classify and compensate Plaintiff as required by applicable law and has unjustly retained the benefit conferred and realized its value.

67. Defendant is liable to the Plaintiff for the value of the benefit conferred upon the Defendant by the Plaintiff. Plaintiff is further entitled to and requests that this Court award Plaintiff pre-judgment interest on that value, and attorney's fees and costs associated with this action.

WHEREFORE, having fully set forth his allegations herein, Plaintiff respectfully requests this Court enter a judgment against the Defendant for all damages, including treble damages, caused by the actions herein alleged to be determined and reasonably awarded by a jury. Plaintiff also prays for pre-judgment interest, liquidated damages,

ELECTRONICALLY FILED - 2020 Mar 16 2:52 PM - RICHLAND - COMMON PLEAS - CASE#2020CP4001526

attorneys' fees and costs were applicable, and for any such other and further relief as this Court may deem just and proper.

                                 **THE PHILLIPS FIRM, LLC**
                                 **Attorney & Counselor at Law**

                                 ___s/Robert B. Phillips_____
                                 by:  Robert B. (Sam) Phillips (SC Bar #16954)
                                 Physical:  2001 Assembly Street, Suite 101
                                 Mailing:  1025 Calhoun Street, Box 3
                                 Columbia, SC 29201
                                 (803) 726-4269
                                 sam@phillipsfirm.net

                                 **Attorney for Plaintiff**

16 March 2020
Columbia, South Carolina